Narinder **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–74204.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 15, 2007.

Narinder Singh, Eloy, AZ, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

518

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Narinder Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252, because the BIA actually addressed the issue. *Abebe v. Gonzales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect."). We grant the petition for review and remand for further proceedings.

The BIA's decision in this case preceded *Galeana–Mendoza v. Gonzales,* 465 F.3d 1054 (9th Cir.2006), in which we held that "California Penal Code section 243(e) does not qualify as a crime categorically involving moral turpitude." *Id.* at 1061. We therefore remand for the BIA to reconsider Singh's eligibility for the petty offense exception contained in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) and his requested

relief under the Legal Immigration Family Equity Act.

Singh's request to accept evidence is denied.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

